**Mallis Estate**

*High, Swartz, Roberts & Seidel,* by *Walton Coates,* the accountant, p.p.

*R. Wayne Clemens,* for widow.

TAXIS, P. J., November 8, 1971.—In an adjudication dated August 12, 1971, we ruled on two disputed matters which are again before us on these two exceptions. The first exception, filed by the executor, objects to our award of $249.98 to decedent's widow, this being the amount of a Federal income tax refund for 1970, the year of decedent's death. Three quarterly estimated payments were made for 1970, each for

$125, and each on account of the joint tax liability of decedent and his wife. Decedent made the first two during his life and the executor made the third. When the final return (joint with the widow) was filed, a refund of $249.98 was received, and we awarded this entire amount to the widow on the authority of MacNeill Estate, 21 D. & C. 2d 480, 78 Montg. L. R. 140. To this the executor has excepted, to the extent of the $125 paid by him. This exception has merit and is sustained, with the result that the amount hereby awarded to the widow is reduced to $124.98. See also Green Estate, 8 Fiduc. Rep. 297 (1958).

The theory of these cases is that decedent, by depositing funds on account of the joint tax liability of himself and his wife, evidences an intent to create a tenancy by the entireties in such funds. Thus, it follows, for example, that the relative or proportionate tax liability as between husband and wife has no bearing upon a determination of the ownership of these funds when one spouse dies. However, this theory is not applicable to funds paid *after death* by a personal representative, who could not possibly create a tenancy by the entireties at that juncture, and who would have no right, in any event, to expend estate funds to pay another's taxes. The estate accordingly should recover any moneys paid from its assets for this purpose.

The second exception, by the widow, goes to our ruling that a sewer assessment against certain real estate, which passed to the widow as surviving tenant by the entireties, was not a debt of the estate. Unfortunately, we cannot reach the merits of this exception, since it was filed late, in violation of rule 75.2 of the Rules of Practice of this court, and the executor has moved to strike it off. Our rule concerning the time for filing exceptions to adjudication is promulgated under the authority of the Supreme Court-Orphans' Court

Rules, sec. 7, rule 1, and although we have power to extend the time for filing such exceptions, this should be done only when some urgent or extraordinary reason, such as fraud, or mistake on the part of the court itself, or some other compelling circumstances justifies the delay. Although exceptant here argues that the late filing caused no harm to the estate, this is not the point. Exceptant has neither alleged nor shown any reason or justification for the delay in filing. A failure to act in a timely fashion must result in more than mere hardship, to permit the grant of a right to act nunc pro tunc. Cf. Delmont Borough Annexation Case, 2 Com. Ct. 496. We cannot adopt a rule which would allow late filing whenever the delay did not actually prejudice another party. Repeatedly, we would be faced with a wholly new and collateral area of inquiry, difficult of decision and unrelated to the merits of the case. This would be disastrous to the orderly and objective procedure now in use. Therefore, the motion to strike off the widow's exception to the adjudication is allowed.